This Honorable Court of the Third Judicial District of the State of Illinois is now in session with the Honorable Justice Mary W. McDadey presiding. Please be seated. Will you call the first case please? 3-13-07-80 Consolidated with 3-13-07-81 People of the State of Illinois, Natalie by Richard Leonard v. Durell Wade and Jonathan Wade, Appellants by Santiago Durell. And before we begin, just so you know, he's obviously, you see an empty chair sitting over here. Justice Holdridge is a member of this panel. He was unavoidably detained and rather than hold you all up, we're going to go ahead and he will be participating in the resolution. In this case, he'll listen to the oral argument, the audio tape. So he's here in spirit. So with that being said, Mr. Durango. Thank you, Your Honor. Good morning, Your Honors. Mr. Leonard, my name is Santiago Durango. I am an assistant appellate defender with the Office of the State Appellate Defender. I represent the defendant appellants in this appeal, Mr. Durell Wade and Mr. Jonathan Wade. In this case, Your Honors, a jury found the defendants guilty in relevant part of the attempt murder of Greg Dismuke based at shooting at him with their guns. The jury also found that they caused great bodily harm, permanent disability or permanent disfigurement to Mr. Dismuke. Based on this latter finding, the court had to impose a 25-year mandatory penalty enhancement to their sentences. Today, I'm going to ask the court to vacate that 25-year penalty enhancement because it was triggered by an improper constructive amendment of the indictment. As suggested by my comments, in this case, the defendants were charged by indictment in relevant part with the attempt murder of Mr. Dismuke. The allegations of the indictment were that they shot at Mr. Dismuke with their guns. The indictment did not include the facts that increased their sentences mandatorily. Namely, that they created great bodily harm, permanent disability or permanent disfigurement to Mr. Dismuke. Under the current practice in Illinois, this was proper. Currently in Illinois, those facts can be provided to a defendant after the charge has been filed. And then if those facts are found to have existed beyond a reasonable doubt by the jury or by a judge sitting at a bench trial, then the court is required to enhance the sentence by 25 years in a situation such as this case. That procedure is no longer valid under Eleni v. The United States. In Eleni, the Supreme Court of the United States found that facts that increase the penalty for an offense are actually elements of the offense. They're aggravating elements of the offense, which create a new aggravated offense. Under this rationale, the facts that increased the sentences of the defendants mandatorily in this case should have been charged in the indictment as elements of an aggravated form of attempted murder because they increased the penalties for the defendants. It's understood we're here on plain error review, correct? Yes, Your Honor. And we're under the second prong only, right? Yes, Your Honor. Okay. So how do we get to structural error in the sentence? The structural error, this court in Fonda and the Supreme Court in Angonsola have found that instructional error, which is what occurred in this case ultimately because the jury, this was not charged properly and then the jury was not instructed properly based on the indictment. That is a fundamental error under the second prong. There's been no case that has said that though, has there? Well, Angonsola and Fonda, Your Honor, I'm relying on those cases. And in addition, the question of… Is that a general proposition? It's a general proposition that it's a fundamental error. And I might add, Your Honor, that the Supreme Court, our Supreme Court, is currently deciding whether Illinois will be limited to the categories of structural error that the Supreme Court of the United States has identified as constituting structural error. Illinois courts have found different causes of fundamental error that go beyond the factors that the United States Supreme Court has found. For example, in Booker, a case that I cited in my reply brief, the court found, the First District Appellate Court found that finding a defendant guilty of a lesser-included offense that was not charged was fundamental error. The Supreme Court in a companion case, well, not a companion case, but a different case, Clark, is currently… will look at whether Illinois will limit itself to the factors identified by the United States Supreme Court as constituting structural error or whether Illinois will go beyond the errors that have been identified by the Supreme Court of the United States as constituting structural error. But the short answer to your question, Your Honor, is that you can get to structural error by finding that fundamental error occurred in this case because the defendant was denied the right to notice and jury trial under the Sixth Amendment due to the fact that they were convicted of an offense that they were not charged with committing. They were charged with committing simple attempted murder under a lay knee by indictment. Well, a simple attempted murder, if there is such a thing, if one shoots at somebody else and misses, that can be attempted murder. Yes. In this case, it's clear even from the indictment that he didn't miss, that he hit him, that the victim was shot about the body. Yes. I understand the point you're making, Your Honor, and I concede that the indictment as returned by the grand jury would support the 20-year penalty enhancement based on discharging a firearm at the victim, but the indictment did not allege that that discharge caused great bodily harm, permanent disability, or permanent disfigurement. And those were the facts or elements under a lay knee needed to be charged in order for the 25-year enhancement to apply in this case. In your example, the one case regarding the being convicted, I mean a judgment being entered on a lesser included that wasn't charged, that's had a sort of a twisted history in Illinois, that concept hasn't it? I mean at one point the Supreme Court of Illinois said that if the people were, like a defendant asked for a lesser included and it wasn't in the charging document and they get convicted of that, then that's okay. And then that was overturned by Schmidt, I think it was. So I mean when you say it's structural, Illinois is sort of going back and forth. Yes. And again, the Supreme Court would be looking at that, it's People v. Clark, number 118845, it's currently pending, the PLA was allowed on March 25th. And it's People v. Thompson, I think. Thompson? Yes. The court sort of delineated the second prong of structural error, this wasn't one of them was it? Well the court did not limit the Illinois. I mean it gave some examples, this wasn't one of them. Right, the court cited two Nader and other Supreme Court cases on structural error, but did not go so far as to say that Illinois would be bound by the categories of structural error that the Supreme Court of the United States has laid out. And that is the question that will be answered in Clark, or is anticipated that will be answered in Clark. The reason I'm asking that question is sort of, you can sort of read, I think again it's the Thompson case to say that they gave the examples of what they would find to be structural error. Well they did cite two to the federal, to the Supreme Court, United States Supreme Court's categories. Which are limited. Yes, that were cited in Requenco. But our Supreme Court did not say we are limiting ourselves to these categories. I agree with that, I mean they didn't say it, but here they're citing it and the examples they gave were the limiting ones. Yes, but they very well could have limited themselves to these categories. And they did not. Let me ask, and you can correct me if I'm wrong, but if you're going to generalize structural error, there's two things. One is that this was error such that it denied the defendant fair trial. Yes. Or B, it was such a boneheaded error that if you let this stuff go on, you're going to put the legal system in disrepute. Yes, Your Honor. Would that fairly summarize the kind of things that might be identified as structural error? Both of those apply here, I would say. And in this case, what would defendant or defense counsel have done differently at trial had the magic words been included in the indictment? Defense counsel, I don't believe, would have had to do anything different. The problem here is with how this was charged by the grand jury. The grand jury was not asked to return what amounts to a charge of aggravated attempt murder under Eleni. And the prosecutor in this case couldn't have gone back to the grand jury before the trial and after Eleni was decided and asked the grand jury to amend the indictment, and we would not have the issues in this case if the prosecutor would have done that. The prosecutor could have also simply filed an information and had a preliminary hearing before the trial with the new charge under Eleni that included the sentence-enhancing elements, and we would not have the problem that exists in this case. And that's certainly true, but what would it have changed? I mean, the medical testimony in this case, you can see there's really not much else defense counsel could have done at trial to defend against the great bodily injury aspect. Yes. And so what we've got here is one of these errors that strikes me as, okay, it was an error, but the defendant was on notice about what it was the state was complaining about, what he was really charged with, unnoticed by the witnesses who were going to testify about the nature of the victim's injuries. And so while it's error under plain-air review, I'm having a hard time getting that this is the kind that this either, A, denied the defendant a fair trial, or, B, it's the kind of error that's going to cause people to lose faith in the judicial system. Your Honor, this was not a harmless error because what we have in this case is we have two defendants who stand convicted and sentenced for an offense that they were not charged with committing by the grand jury. That is a fundamental error. With regard to that, you indicate in your, I think, reply brief that you're not attacking the sufficiency of the indictment. I am not. But it sounds like it. It sounds like you are. But, I mean, you say you're not because you're raising, I think, the Alene case. Alene, yes, Your Honor. But, you know, the indictments aren't fundamental errors, are they, if they go, if they're not challenged? Is that a fundamental error? The reason that I do not challenge the indictment in this case is because the indictment that was returned by the grand jury had no problems in charging the defendants with simple attempt murder. There was nothing wrong with that charge. The problem in this case is that they were not convicted of that charge. The defendants were not convicted of that charge or sentenced for that charge. The defendants stand convicted and sentenced for aggravated attempt murder under Alene. Well, okay, but you would agree that there is no statutory aggravated attempted murder charge now? Not statutory. Judicially, under Alene, we in essence have that now. And I might add, Your Honor, is that the procedure in Illinois for giving notice of the sentence-enhancing elements, I don't see how that statute is valid any longer because it allows for providing notice of the sentence-enhancing elements after the charge has been filed. However, under Alene, those sentence-enhancing elements or facts are now elements that need to be charged in the indictment. So I'm referring specifically to Section 111-3C-5 of the Code of Criminal Procedure, the Apprendi subsection, which provides that notice of the sentence-enhancing facts can be provided to a defendant after the charge has been returned. I do not see how that section can remain constitutional after Alene. And that ties into this case because, again, the defendants were not given proper notice in the indictment. The prosecutor in this case followed Section 111-3C-5. Remind me, wasn't Alene the element charges to the jury? You had to have these elements. The problem in Alene was that the jury returned a – it was the gun enhancement statute, federal gun enhancement statute. And the jury returned a finding that they gave the court authority to impose a five-year enhancement. But the court imposed a seven-year enhancement, which the jury had not authorized through its findings. The reason I'm asking that is that dealt with what the jury was asked to determine. Exactly. And the court said, no, no, following the Apprendi logic, you have to – they have a right to a jury trial on those issues, right? Yes. But you're converting that into an indictment type of ruling, right? Well, the – Alene also, the court made it clear, abundantly clear, that these sentencing factors are elements, aggravating elements of the offense that turn the offense into an aggravated form of the offense. And they said for that reason, those facts must be submitted to the jury as the jury must make finding a fact on those. That is a part of it, but also because the defendant was – the defendants in this case were charged by indictment. Under Illinois law, the elements of an offense need to be charged in the indictment. You cannot provide notice of these elements after the indictment has been returned. Well, but the element also – I mean, the main purpose of the indictment is to make sure that the defendant knows what he's facing when he goes to trial. And so, crucial errors in indictments don't necessarily – as long as the defendant is fairly unnoticeable, what it is he's got to defend against. I think it goes beyond that, Your Honor, because what you have – it's the grand jury deciding what a defendant should be charged with. And the grand jury in this case decided the defendant should be charged with simple attempt murder. The grand jury did not charge the defendants with aggravated attempt murder. Well, and at the time the grand jury was convened, and I think to this day there is no aggravated attempted murder charge in this state of Illinois. Not statutory, Your Honor, but under Eleni, I respectfully submit that there is now an aggravated form of attempt murder. So we've got count on crimes? I don't know how they should be categorized, but I think it's logical to read Eleni – it's expressed from the opinion that these facts, sentence-enhancing facts, are aggravating elements that create an aggravated form of the offense. That's playing from Eleni. And so, yes, Illinois does have no statutory aggravated form of attempt murder, but reading Eleni, the sentence-enhancing facts create an aggravated form of attempt murder. What did Eleni do that Apprendi didn't? Eleni made it clear that the sentence-enhancing facts are not simply sentencing-enhancing facts. They are elements. Apprendi had not gone that far. Eleni now has made it clear that the sentence-enhancing facts are actually elements of an offense. Well, I mean, so it's almost like Eleni kind of expounded, because on Apprendi, I mean, even under Apprendi, you have the same thing. The trial of fact has to decide these aggravating facts, and therefore, generally speaking, what the jury is – or any finding of fact. So the jury has to make the findings that an offendant is guilty of each element of an offense, right? Yes, sir. So what Eleni said was kind of implicit in Apprendi, was it not? It was the – Justice Thomas's concurrence in Apprendi laid the groundwork for Eleni. He argued in that concurrence that they should be treated as elements. And there has been an argument since Apprendi that they should be treated as elements, but that argument has been rejected. Now in Eleni, the court made it clear that they're elements. And I'm glad that you brought up Apprendi, Your Honor, because really if – this case should not be treated as if these sentence-enhancing elements are still Apprendi sentencing factors. They are not merely Apprendi sentencing factors. They are now elements of the offense that the grand jury did not return in this case. Well, Apprendi requires the jury find any facts for those enhancing factors, right? Yes, Your Honor, but Apprendi does not require that those factors be considered as elements that should be included in a charge that is returned by the grand jury if the state or the government in federal court is going to ask for mandatory enhancements to the penalty. But Eleni doesn't say that, does it? That it has to be in the charge. No, but that flows from Eleni, Your Honor, because – You say it's an implicit in Eleni decision. It's a Sixth Amendment issue, but in Illinois, our statutory – by statute, the elements of the offense need to be set out in the indictment. I mean, the reason I'm asking this is I'm not so sure Eleni overruled Mimes, is it? Yes. I don't recall what the holding in Mimes was at the moment, but Eleni, if it did not overrule Mimes, it definitely has made it clear that the sentencing factors are not merely Apprendi factors that only require notice after the charge has been returned. And it is not clear from the plain language of Eleni that these are elements of the offense, not only elements but aggravating elements that turn the base offense into an aggravated form of the offense. How is Apprendi fair under the plain error doctrine if it's not raised before? What's Illinois' position with regard to that? If it's a structural error or not? If I recall correctly, our court has found that plain error applies, but the error can be harmless. In this case, I'm urging the court to find – Is my memory correct that it's not always a structural error? Yes, I believe so. I'm thinking of Thoreau. I'm thinking of Thoreau right now. I mean, from our Supreme Court, that Apprendi kind of thing is not always a structural error. It's a second-prong plain error. Yes. But I'm urging the court to find that it was structural error in this case because if we step back and look at what happened in this case, the defendants stand convicted and sentenced for an offense that they were not charged with committing by the grand jury. If the court has no further questions, that will conclude my opening argument. Thank you, Mr. Drango. Mr. Leonard. May it please the court, counsel, this is a plain error case, and we've had a lot of discussion about the law and how it applies, but it's the defendant's burden that it was structural error in this case, and I don't believe the defendant has met that burden. First of all, I don't recall the defendant arguing in his brief that great bodily harm was missing from the indictment. What I have from my notes here, the defendant challenged below in his brief that the element that was missing was that the defendant fired a shot at the victim and that this was the result of the 25-year enhancement. I'm going to give Mr. Drango a chance to correct me if I'm wrong, but I think his position is that he's not complaining about the indictment, but in light of the indictment, it was structural error to convict the defendant based on aggravating factors that were not listed in the indictment. Therefore, he's being resentenced only on what the defense refers to as simple attempted murder of sensitive aggravating factors. So he doesn't want anybody to change the indictment. It's the conviction that he's attacking and the jury instruction that allowed that conviction. Yes, but there's no support in the law for this theory that the jury instruction constructively modified or enhanced the indictment. The defense counsel says he's not challenging the indictment, but it seems like he is challenging the indictment because he's arguing that wasn't given notice to him. He can't argue that the jury did not find these elements or enhancing factors beyond a reasonable doubt because the jury was properly instructed. So where does that leave us? It's kind of end around in challenging the indictment. Well, let me, and maybe this is too simplistic, but I think his argument to take this situation, maybe an analogous situation might be that his argument is that somebody's indicted for theft over whatever they're talking about. Yes. And then he goes to trial and it turns out that he walked uninvited into someone's house to commit this theft, and so therefore at trial he's convicted of burglary. But that's not what happened in this case. Let me go through the history of Apprendi and Eleni. And Illinois modified that or codified that in Section 5-111-3 that says that the defendant must be given notice of this enhancing factor and the jury or the trier of fact must find it beyond a reasonable doubt. So that's been the law since 2000. In 2002, Justice Kennedy penned a case, Harris v. U.S. In that case it was a federal statute where the defendant was caught drug trafficking and he also had a handgun. The enhancing factor in that case was he brandished a firearm, which was an enhancing factor over just simply carrying a firearm. And Kennedy said that brandishing was only a sentencing factor. Then we come to 2013, and Eleni with Justice Thomas, he says, no, Harris was wrongly decided. You have to prove. He talks in this aggravated offense. I don't take that to mean literally that there's an aggravated attempted murder. It's just back to where we started in apprending. So the only thing Eleni really did was reverse Harris and make everything comply with what the law was before in apprending. In this case, I cite People v. Jackson and People v. Mimes that Justice Carter has already referred to. Those were 2014 cases of attempted murder. And in those cases, the jury was instructed of the elements, but the defendant made the same argument that he was not given notice, it was not in the charging indictment. But under both of those cases, our appellate court found that there was no plain hair, let alone structural hair. Now Eleni, I'm correct to say that the jury wasn't asked to decide those elements, right? Correct. But here the jury was. Yes. So what's the defendant's only opportunity is, I must admit it's a clever argument, but there's no legal standing for it. It's a constructively amended indictment. He says he's not attacking the indictment, but it seems to me he is attacking the indictment. But if Mr. Durango is correct, and if these sentencing factors become elements of the offense, and the argument is, well, he was charged with what would have been the lesser included offense, but then convicted of the greater offense, one he was never charged with, then you follow that. Correct. And I understand your position as well. That's not what happened. Correct. Correct. And that's correct under Apprendi and under Eleni. I think Eleni kind of muddled the waters when they talk about this aggravated offense, this new aggravated offense, but there's no such statute or crime in Illinois called aggravated attempted murder, and I would ask that this court not go on such a limb as that when there's no basis in the law besides a tortured reading of Eleni. Well, if your opponent's argument is correct, the fact that the aggravated factor was used in sentencing, and he wasn't charged with it, there was no crime, because the Supreme Court mandates that it has to be an element of the crime. Yes, and in this case... I mean, the jury was obstructed in this case. Yes. But the argument is that we don't have a crime like that. We don't have a crime like that, and also the defendant was put on notice of these elements, even though it would have been nice if the indictment said you are subject to a 25-year enhancement of your sentence if you are found to have committed this crime with a firearm and you caused great bodily harm. I think in Jackson and mine, they look at the indictment, and even though they don't say that, they said the indictment was sufficient to show that enhancing factor, or what Mr. Durango calls an aggravating factor or element of the crime. So in this case, it's my position that the indictment was sufficient to put the defendant on notice that he was subject to this 25-year enhancement. You know, from the line of cases from Apprendi and Eleni, all those cases deal with what the jury should be instructed about fact-finding. Yes. Is there a case a la Apprendi and Eleni kind of logic that goes back all the way to the indictment saying not only should the jury be instructed, the indictment has to mirror the way the jury is instructed? No. No, the defendant just needs to be put on notice of that enhancing sentencing factor or element, whatever you prefer. I prefer it's an enhanced sentencing factor. There's no cases that say that. And the reason I'm asking that is there is that case from the early 90s from the Illinois Supreme Court, that Schmidt v. Schmidt, I think it is, where I think it was Justice Clark who said that under the Illinois Constitution, now they were talking about that you could not be convicted of non-charged, lesser included. Yes, and they agreed with that. Okay. And so this is sort of the other side of the coin. Can you be charged with a non-charged higher offense, a greater offense? And my same answer would be no, you cannot be convicted of that. But in this case, he was put on notice and the jury was properly instructed. So there's not even plain error. There was no error. I believe from the charging instrument, the defendant received what he wanted or needed to be told under Apprendi or under Eleni. And I think Eleni just stands for the proposition that they were overruling Harris. And then Apprendi still applies and it's codified in law. And under those cases cited by the defendant are factually distinguishable here because even though it doesn't say cause great bodily harm, if my recollection is incorrect, then I apologize, but I don't remember the defendant arguing that in his brief. He argued he was not put on notice that he would receive a 25-year enhancement to his sentence because he used a firearm. So I believe Jackson and mine are recent cases. I think they're instructive and Jackson is right on point. So I would ask that you just find that there was no plain error. The defendant was not denied a fair trial. I believe the facts in the case support the position that the indictment was correct. And there's no question that the jury instructions were correct and that they found these enhancing factors beyond a reasonable doubt. And certainly the integrity of the judicial process is not put in disrepute because I think everything in this case complied with that only Apprendi but Eleni. And the defendant asks for the remedy that simply wipe away the 25-year enhancement of a sentence. So even if this court was to find that this was a systematic error, which I strongly believe it was not systemic error, the proper remedy would be to remand for the trial judge to resentence the defendants without the 25-year enhancing factor. Well, your opponents suggest that the defendants were quite surprised when all of a sudden they're convicted of this greater offense given the indictment. That could be so, but I don't think that's in the record. That's a good argument. Defendants make a lot of claims that aren't true, so I would disagree with that statement. If you don't have any other questions, I'd ask that you affirm their sentences and find that there was no plain error, let alone reversible error. Thank you, Mr. Laird. Mr. Durango, some rebuttal. Thank you, Your Honor. The points I want to underscore for the court are that the Apprendi approach is no longer viable after Eleni. The approach of being able to give notice of the sentence enhancing facts after the charge has been returned by the grand jury is no longer viable under Eleni. Because under Eleni, there are no longer merely sentencing factors. They are elements of the offense that need to be included in the indictment in order for a subsequent penalty enhancement to be permissible in the case. Eleni doesn't say that, though. It's an inescapable conclusion from Eleni, Your Honor, because Eleni made it clear that the sentence enhancing facts are no longer merely sentence enhancing facts. They are elements. They are elements of the offense that the jury must determine and the grand jury must include in the indictment. They cannot merely be added on later on by the prosecutor. That would be the constructive amendment of the indictment. Well, first of all, my question is to Mr. Leonard. I mean, am I getting your argument? Am I sufficiently understanding your argument, do you think, based on the theft, burglary analysis? Yes. He was charged with what, in essence, as I hear your argument, he was charged with what would be a lesser included offense and is, in after Eleni, he was then convicted of the greater uncharged offense. Exactly. Which is a no-no. Yes, exactly, Your Honor. And it's key that in this case it was a grand jury returning the charge. Because the charge cannot be broadened unless it's sent back to the grand jury. But in this case, it was broadened through a jury instruction. And therefore, we have a constructive amendment of the indictment which is improper. And it is because of that constructive amendment of the indictment that there's a variance in this case between what the defendants were charged with, which I will call simple attempt murder, and what they were eventually convicted and sentenced for, which is what I will call an aggravated attempt murder under Eleni. And because of this variance, I am asking the court to vacate the 25-year penalty enhancement that was triggered by that improper constructive amendment of the indictment. Let me ask you this. Would you agree with this, that if we do that, we're going to be the first court to ever do that explicitly? This is an important issue. It's an issue of first impression. But again, it flows from Eleni. If the clear language of Eleni is taken the way it is written, which is that these facts are now elements, and under Illinois law, elements of a defense must be set out in the charge, and a grand jury must return the charge, and the charge cannot be broadened by anyone else other than the grand jury, then it follows that there has been a change in the law as a result of Eleni. And I don't see how the notice provision, the appending notice provision that we have in our statutes can survive Eleni. If the court has, unless the court has further questions, then I would ask the court to vacate the 25-year penalty enhancements that were imposed in this case due to a constructive amendment of the indictment. Okay. All right. Mr. Durango, Mr. Leonard, thank you both for your arguments here this morning. This matter will be taken under advisement. Again, Justice Holder will be participating in deciding that this matter or this position will be issued. And right now the court will be in a brief recess for a panel change for the next day. Thank you. All right.